UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: Cattle and Beef Antitrust Litigation | Case No. 22-cv-3031 (JRT/JF) |
| This Document Relates To:<br>ALL ACTIONS | PRETRIAL ORDER NO. 2 |

---

The Court has carefully reviewed the Class Plaintiffs' and Direct Action Plaintiffs' ("DAPs") recommendations for case leadership, and has considered the parties' arguments regarding requiring a Master Complaint. For the reasons addressed in this Order, the Court appoints Liaison Counsel for the Class Plaintiffs and DAPs and will require DAPs to file a Master Complaint within 60 days from the date of this Order.

**I.   CASE LEADERSHIP**

The Court requested that the DAPs and Class Plaintiffs submit Liaison Counsel recommendations. The Court has considered the recommendations it has received, and it makes the following appointments:

- Direct Action Plaintiffs' Liaison Counsel: **PHILIP IOVIENO** of Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281

- Direct Purchaser Plaintiffs' Liaison Counsel: **MICHELLE LOOBY** of Gustafson Gluek PLLC, Canadian Pacific Plaza, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402 (Docket No. 53.)

- Consumer Indirect Purchaser Plaintiffs' Liaison Counsel: **SHANA SCARLETT** of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 300, Berkeley, CA 94710 (Docket No. 74.)

- Commercial and Institutional Indirect Purchaser Plaintiffs' Liaison Counsel: **BLAINE FINLEY** of Cuneo Gilbert & LaDuca, LLP, 4725 Wisconsin Avenue Northwest, Suite 200, Washington, DC 20016 (Docket No. 77.)

- Cattle Class Plaintiffs' Liaison Counsel: **PATRICK MCGAHAN** of Scott+Scott Attorneys at Law LLP, 156 South Main Street, P.O. Box 192, Colchester, CT 06415 (Docket No. 72.)

- Indirect Seller Plaintiffs' Liaison Counsel:[1] **RICK PAUL** of Paul LLP, 601 Walnut Street, Suite 300, Kansas City, MO 64106 (Docket No. 80.)

Liaison Counsel will serve a primarily administrative function. Their responsibilities include, but are not limited to: coordinate among counsel on agenda items for status conferences; advise the Court and the parties when a case that arises out of the subject

---

[1] "Indirect Seller Plaintiffs" refers to the Class that was recently transferred to this Court in *Specht et al. v. Cargill Incorporated et al.*, Case No. 22-cv-2903. (Certified Copy of Conditional Transfer Order, Nov. 15, 2022, Docket No. 75.)

matter of the actions in this MDL is transferred from another Court; coordinate the initiation and conduct of discovery and other activities on behalf of Plaintiffs; receive and distribute notices, orders, motions, and briefs on behalf of the group; coordinate settlement discussions or other dispute resolutions on behalf of Plaintiffs; delegate specific tasks to other Plaintiffs' counsel in the mater to ensure that pretrial preparation is conducted effectively, efficiently, and economically; monitor the parties' activities to ensure schedules are met and unnecessary expenditures or time and expense are avoided; enter into stipulations with opposing counsel as necessary for this action; prepare and distribute periodic status reports to the parties; encourage full cooperation and efficiency among all Plaintiffs' counsel; submit, if appropriate, additional committees and counsel on behalf of Plaintiffs for designation by the Court; and perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

Notwithstanding the appointment of Liaison Counsel, each Plaintiff's counsel shall have the right to participate in all proceedings before the Court as fully as such counsel deems necessary.  Arguments may be presented to the Court by any counselor representing a Class or DAP in this action.  Further, Liaison Counsel shall not have the right to bind any party to any matter without the consent of counsel for that party, except Liaison Counsel's own clients.

## II. MASTER CONSOLIDATED COMPLAINT

In Pretrial Order No. 1, the Court asked the parties to submit their positions on requiring the DAPs to submit a Master Complaint, which the Defendants then must answer or otherwise respond to. (Pretrial Order No. 1 at 12, Oct. 4, 2022, Docket No. 21.) The parties then argued their positions at the October 18, 2022 status conference. The Court has thoughtfully considered the parties' positions and will require the DAPs to submit a Master Complaint.

Several DAPs have joined this action since October 18, 2022, and the Court anticipates that more actions will be consolidated in the future. Therefore, the Court finds it helpful for the DAPs to file a single consolidated complaint. Current MDL DAPs[2] shall file a single Master Complaint in this MDL within 60 days from the entry of this Order. Defendants agree to accept service of process for the consolidated complaint by ECF or by email. Defendants will answer or otherwise respond to MDL DAPs' consolidated complaint within 30 days after the filing of the Master Complaint.

Within 60 days from the entry of this Order, the parties shall file a proposed order (1) governing the process by which any future MDL DAP shall join the Master Complaint, including a proposed short-form complaint if appropriate, and (2) governing the process by which Defendants shall answer or otherwise respond to complaints filed by any future

---

[2] "Current MDL DAPs" refers to the Direct Action Plaintiffs in all cases that have been transferred to this Court as part of this MDL proceeding as of the date of this Order.

-4-

MDL DAPs (or by which their prior answer to the Master Complaint shall apply to complaints filed by any future MDL DAPs).

DATED:  December 1, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge